IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN RINALDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| FITCH, INC. d/b/a FITCH RATINGS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Marilyn ("Rinaldi"), by and through her attorney, Law Office of Julie E. Diemer, LLC, for her complaint against Fitch, Inc. d/b/a/ Fitch Ratings ("Fitch") states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff is alleging: (1) violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq*; (2) violations of the Equal Pay Act ("EPA"), 29 U.S.C. §206(d); (3) violations of the Family and Medical Leave Act of 1993 ('FMLA"), 29 U.S.C. §2601 *et seq*; (4) violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., (5) violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1140; and (6) unlawful retaliation for engaging in federally protected activity.

2. Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and 1391(c) because the cause of action arose in Chicago, Illinois and Defendant is engaged in business within the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, Marilyn Rinaldi, is and was at all times relevant herein an individual who resides in Chicago, Cook County, Illinois. Rinaldi is an eligible employee for purposes of FMLA because she was an employee who had been employed for at least twelve (12) months and for at least 1,250 hours of service during the previous twelve-month period prior to the violation of the FMLA.

4. Defendant, Fitch, Inc., is a Delaware corporation doing business as "Fitch Ratings" in Chicago, Illinois. Defendant is and was, at all times relevant herein, engaged in an industry affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar work weeks, thus qualifying as an "employer" for the purposes of Title VII, 42 U.S.C. §2000*e*(b), and FMLA, 29 U.S.C. §2601*et seq*.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about November 19, 2007, Plaintiff timely filed her Charge of Discrimination on the basis of sex, disability and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. §2000*e*-5(b) and (e). Plaintiff's Complaint in this matter was timely filed within ninety (90) days after Plaintiff's receipt of her Notice of Right to Sue letter. A copy of Plaintiff's Notice of Right to Sue letter is attached hereto as Exhibit "A."

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff Rinaldi commenced her employment with Defendant Fitch on January 25, 2006. Her last position with Defendant was Associate Director.

7. On May 24, 20007, Plaintiff was terminated from her employment by Defendant.

8. At all times relevant prior to her termination, Plaintiff was performing her job duties in a professional and satisfactory manner.

9. During her employment with Defendant, Plaintiff was denied training, mentoring, assignments and opportunities for raises and promotions that were offered to male employees. During her employment with Defendant, Plaintiff submitted applications for posted positions within the company for which she was qualified, however, she was not interviewed for the positions.

10. During her employment with Defendant, Plaintiff learned that male employees were paid greater wages than her for the same or similar work despite the fact that she had more experience than the male employees.

11. During her employment with Defendant, Plaintiff was singled out and wrongly criticized for alleged mistakes in her work, however, male employees were not criticized for similar or worse alleged mistakes.

12. Plaintiff received a favorable written performance evaluation at the end of 2006 and a bonus.

13. Plaintiff and another female employee complained about what they believed to be discriminatory treatment to the head of Defendant's Human Resources Department on at least two occasions on and after March 1, 2007, to no avail. Plaintiff complained to other supervisors before and after her complaints to Human Resources, also to no avail.

14. On or about March 9, 2007, Plaintiff advised her supervisor, Michael Weaver, and also Defendant's Human Resources Department, that she suffered from a serious medical condition and would need FMLA and/or short-term disability leave to undergo surgery and a

four-week recovery. Plaintiff told Weaver and Human Resources that the surgery was scheduled to take place in July 2007.

15. On May 24, 2007, Plaintiff's employment was abruptly terminated.

16. Prior to and at the time of her termination, Plaintiff was discriminated against by Defendant in the terms and conditions of her employment based upon her sex (female). Plaintiff was retaliated against and terminated as a direct result of complaining to Defendant about what she reasonably perceived to be discriminatory treatment, including the manner in which she (and other females) were being compensated and other terms of employment which she believed to be discriminatory. Plaintiff was also terminated because of a serious health condition that constituted a disability for which she requested time off work.

## COUNT I
## TITLE VII

17. Plaintiff repeats and re-alleges Paragraphs 1-16 as though fully set forth herein.

18. Title VII, 42 U.S.C. §2000*e et seq*, makes it an unlawful employment practice to treat an employee differently because of her sex, or in reprisal or retaliation for engaging in protected activity in the terms and conditions of her employment.

19. Defendant, though its agents, has violated the above-mentioned law by treating Plaintiff differently because of her sex, or in reprisal or retaliation for engaging in protected activity.

20. Plaintiff was thus denied her rights under Title VII.

21. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of her rights.

## COUNT II
## EQUAL PAY ACT

22. Plaintiff repeats and re-alleges Paragraphs 1-21 as though fully set forth herein.

23. The Equal Pay Act of 1963, 29 U.S.C. §206(d), provides redress for discrimination on account of sex in the payment of wages by employers.

24. Defendant, through its agents, has violated the above-mentioned law by treating Plaintiff differently because of her sex in that similarly situated male employees were paid substantially greater salaries than Plaintiff.

25. Plaintiff was thus denied her rights under the Equal Pay Act and, as a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and continues to suffer damages, including loss of income, emotional distress, anguish and humiliation, the exact amounts to be proven at trial.

## COUNT III
## FAMILY AND MEDICAL LEAVE ACT

26. Plaintiff repeats and re-alleges Paragraphs 1-25 as though fully set forth herein.

27. Section 26212(1)(D) of the FMLA provides that an eligible employee shall be entitled to a total of twelve (12) work weeks of leave during any 12-month period because of a serious medical condition that makes the employee unable to perform the functions of her position.

28. Plaintiff notified her supervisor and Human Resources that she was suffering from a serious medical condition, and requested medical leave to treat her serious medical condition.

29. When Plaintiff notified Defendant of her serious medical condition and requested medical leave, she was entitled to the leave under the provisions of the FMLA.

5

30. Defendant violated the FMLA by terminating Plaintiff's employment to prevent her from exercising her rights under the FMLA and, as a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and continues to suffer damages, including loss of income, emotional distress, anguish and humiliation, the exact amounts to be proven at trial.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT

31. Plaintiff repeats and re-alleges Paragraphs 1-30 as through fully set forth herein.

32. Defendant discriminated against Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

33. Plaintiff was performing her job satisfactorily at the time of the acts and omissions by Defendant described above.

34. Plaintiff suffered from a serious health condition that substantially limited her in one or more major life activity. Alternatively, Defendant perceived or regarded Plaintiff as suffering from a serious health condition that substantially limited her in one or more major life activity.

35. Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodation.

36. Defendant subjected Plaintiff, a person with a disability, to more severe terms and conditions of employment than its employee who were not disabled.

37. Shortly after upon Plaintiff's request for medical leave to treat her serious health condition she was terminated from employment by Defendant. Defendant's actions deprived Plaintiff of the rights afforded her by the Americans with Disabilities Act, and retaliated against her for seeing to exercise her rights. As a direct and proximate result of Defendant's

discriminatory conduct, Plaintiff suffered and continues to suffer damages, including loss of income, emotional distress, anguish and humiliation, the exact amounts to be proven at trial.

## **COUNT V - RETALIATION**

38. Plaintiff repeats and re-alleges Paragraphs 1-37 as though fully set forth herein.

39. Plaintiff was an eligible employee under the FMLA and provided notice of a serious medical condition and requested leave for the serious medical condition.

40. Plaintiff suffered from a disability as defined by the ADA.

41. Plaintiff was subjected to discrimination on the basis of sex prohibited by Title VII.

42. Plaintiff was denied her rights to equal pay afforded her by the Equal Pay Act.

43. During her employment, Plaintiff engaged in protected activity when she sought to invoke her rights under the FMLA, ADA, Title VII, and EPA, and when she complained to Defendant about discriminatory her treatment.

44. Pursuant to each of the afore-mentioned Acts, it is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise by an employee, any right provided therein.

45. Plaintiff was abruptly terminated by Defendant when she attempted to exercise her rights.  By terminating Plaintiff, Defendant retaliated and discriminated against her in violation of the FMLA, ADA, Title VII, and/or the EPA.

46. By engaging in retaliatory conduct, Defendant has acted willfully and with malice and disregard for Plaintiff's rights.  Defendant's conduct was intentional, deliberate, reckless, and willful.

47. As a result of the retaliatory acts and omissions of Defendant, Plaintiff has

suffered loss of wages and benefits, promotion opportunities, including forfeiture of stock options, future pecuniary losses, loss of front pay, loss of back pay, loss of future earning potential, and loss of employability.

## COUNT VI
## EMPLOYEE RETIREMENT INCOME SECURITY ACT

48. Plaintiff repeats and re-alleges Paragraphs 1-47 as though fully set forth herein.

49. Under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1140, it is unlawful for an employer to discharge, discipline, or discriminate against a participant or beneficiary for exercising any right to which she is entitled under the provisions of an employee benefit plan.

50. Plaintiff was a participant or beneficiary of Defendant's benefit plan.

51. Defendant terminated Plaintiff's employment with the intent of interfering with, preventing or retaliating for the use of such benefits.

52. By its conduct herein, Defendant violated ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and award her:

a. Compensatory damages;

b. Punitive damages;

c. Back pay;

d. Front pay;

e. Damages for emotional pain and suffering;

f. Her attorney's fees and costs associated with brining this action;

g. Any and all other relief this Court deems just and equitable.

Plaintiff demands trial by jury.

Dated: June 24, 2009                                MARILYN RINALDI, Plaintiff,


                                              By: /s/ Julie E. Diemer_____
                                                    Her Attorney


Julie E. Diemer
Law Office of Julie E. Diemer, LLC
908 N. Wolcott Ave., Suite 1
Chicago, Illinois 60622
P (773) 252-1526
F (773) 252-9123

9